No. 7288.

THE STATE EX REL. S. KATZ, EXR., vs. JUDGE OF THE FOURTH DISTRICT COURT.

An order, confirming a testamentary executor, and at his prayer directing an inventory, is one of those judgments that must be executed provisionally, notwithstanding an appeal has been taken from it.

After a suspensive appeal has been taken, from an order appointing a liquidator of a firm, by the regularly appointed executor of a deceased member of the firm, the lower court will not be permitted to make any orders in that or other proceedings instituted by the liquidator in violation of or repugnant to the rights which the executor is endeavoring to test by his suspensive appeal.

FOR a Prohibition.

*Sims* for Relator.    *Ilsley & Son,* and *E. N. Pugh* for Respondent.

Katz was the testamentary executor of Henry Loeb, and under order of court had an inventory made, and a sale of movables was also ordered.    One Vega injoined this sale on the allegation that he was a partner with Loeb in mercantile business, and then in a separate proceeding prayed to be appointed liquidator of the firm and for an inventory.    The judge appointed him, and Katz suspensively appealed from this appointment, and also injoined Vega from disturbing him (the executor), — Vega then obtained the dissolution of Katz' injunction on bond, and a renewal of the appointment of himself as liquidator and an order for an inventory of Loeb's interest in the partnership property.    Katz then applied to this court for a prohibition forbidding the lower judge granting any further order in the case suspensively appealed to this court, and forbidding Vega acting as liquidator until that appeal had been decided.

After reciting the complications produced by the various orders and cross-orders,

DE BLANC, J.    The succession of Loeb is not vacant, but the rule for provisional execution of an order appointing a curator to a vacant succession is applicable to the appointment of an administrator of any succession.    Code Prac., Arts. 580, 1059.

Even if there were any doubt as to relator's right to appeal suspensively from the *ex parte* order appointing the liquidator, the

fact is the judge granted him the appeal, and he perfected it by giving the bond the judge had ordered, and from the day of its filing the case passed from the jurisdiction of the lower judge, and he was without power to ignore his own orders, and to grant others as if no suspensive appeal had been granted and perfected.

*Writ granted.*